[No. 2259. Decided November 25, 1896.]

*In the Matter of the Estate of Hugo A. Kohler, Deceased:*
WILLIAM H. BRINKER, *Executor, Appellant*, v. LENA
R. PEASLEY *et al., Respondents.*

EXECUTORS — LIABILITY FOR MONEY DEPOSITED IN BANK.

An executor, who in good faith deposits funds of the estate in a
bank at the time solvent and of good repute, is not liable for depreci-
ation of the trust funds resulting from the subsequent failure of the
bank, if the deposit is made to the credit of the estate, and not in
the executor's individual name.

Appeal from Superior Court, King County.—Hon.
THOMAS J. HUMES, Judge. Reversed.

*Relfe & McCutcheon*, for appellant:

The executor is not chargeable with, nor compelled
to pay to the beneficiaries under the will or to credi-
tors, the amount of money lost, by the failure or sus-
pension of the bank, and he is entitled to credit
upon his account for such amounts, when ascertained.
*Clough v. Bond*, 3 Mylne & C. 490; 2 Story, Equity
Jurisprudence, 1270, 1271; *Barney v. Saunders*, 16
How. 535; *Harvard College v. Amory*, 9 Pick. 446;
*State v. Meagher*, 44 Mo. 357 (100 Am. Dec. 298); *La-
mar v. Micou*, 112 U. S. 452. An administrator is not
an insurer of the property of a decedent. He is lia-
ble for the loss thereof only when he fails to exercise
that care and diligence which a prudent man would
exercise in the care and management of his own prop-
erty. *Fudge v. Durn*, 51 Mo. 264; *McCabe v. Fowler*,
84 N. Y. 314; *Johnson v. Newton*, 11 Hare, 160; *Whit-
ney v. Peddicord*, 63 Ill. 252; *Livermore v. Wortman*, 25
Hun 341; *Patterson v. Wadsworth*, 89 N. C. 407; *Sea-*

*well v. Greenway,* 75 Am. Dec. p. 803, note; *Shipley v. Wood,* 4 Md. 493; *Nelson v. Hall,* 5 Jones Eq. 32.

*Elder & Harger,* and *Sidney Moore Heath,* for respondents:

There is no authority by law in the state of Washington for an executor to invest the funds of an estate in his hands pending settlement of the estate. The executor holds the property of the testator for the payment of the debts and legacies, and for the application of the surplus according to the will of the testator. The money received is held in a fiduciary capacity for the use of the creditors and others interested as beneficiaries under the will, and it is his duty to retain in his hands the money thus received, until it can be applied and distributed in the order and mode provided by law. *Magraw v. McGlynn,* 26 Cal. 424. There was no necessity for a loan. An executor is not liable for interest if the funds are not productive, as the function is to administer, not to invest. *Wyman v. Hubbard,* 13 Mass. 232; *Fox v. Wilcocks,* 1 Bin. 194 (2 Am. Dec. 433); *Brandon v. Hoggatt,* 32 Miss. 335; Verner's Estate, 6 Watts, 250; *Ogilvey v. Ogilvey,* 1 Brad. Sur. 356; *Jacob v. Emmett,* 1 Payne, 145.

The executor in this case is not a trustee, and the cases cited by the executor have no application for the reason that they refer to trustees under an express trust. Flint, Trusts, § 157; *State v. Nicols,* 10 Gill & J. 27. An executor derives his authority from his appointment by the court, and not from his appointment in the will. *Deering v. Adams,* 37 Me. 265; *Mahony v. Hunter,* 30 Ind. 246.

The loaning of moneys belonging to an estate by an executor on personal security, is directly contrary to law. 2 Pomeroy, Eq. Jur. § 1074. The modern

English authorities are to the effect that investing trust money in personal security is a breach of trust. 2 Kent, Commentaries, 414-419; *Rider v. Bickerton,* 3 Swanst. 80; *Holmes v. Dring,* 2 Cox, 1; *Adye v. Feuilleteau,* 3 Swanst. 84; *Walker v. Symonds,* 3 Swanst. 63. In New York an executor is responsible, if he invests trust moneys otherwise than upon real estate or in government stocks. *Ackerman v. Emott,* 4 Barb. 626. In *Gray v. Fox,* 1 N. J. Eq. 259, the question of what is due security in respect to trustees loaning money was learnedly discussed, and it was declared to be a well settled rule in the English chancery, and was adopted in New Jersey, "that the loaning of trust moneys on private or personal security was not due security, and such loans were at the risk of the trustee." A trustee must take adequate real estate security or an investment in public stocks or funds. *Smith v. Smith,* 4 Johns. Ch. 281; *Bogart v. Van Velsor,* 4 Edw. Ch. 718; *Moore v. Hamilton,* 4 Fla. 112; *Hogan v. De Peyster,* 20 Barb. 100; *Smyth v. Burns,* 25 Miss. 422; *Stickney v. Sewell,* 1 Mylne & C. 8.

The opinion of the court was delivered by

GORDON, J.—Appellant is the executor of the estate of Hugo A. Kohler, deceased. As such executor he received on March 28, 1893, a sum of money amounting to upwards of $3,000, the proceeds of certain insurance upon the life of the testator, and on the same day he deposited in the Washington Savings Bank of Seattle the sum of $2,500, taking certificates of deposit therefor payable to himself *as such executor* with interest at six per cent. per annum. Subsequently the bank suspended and passed into the hands of a receiver, whose certificates for said sum of $2,500 the appellant, as executor, holds in lieu of

cash, and for which sum he sought in the lower court to be allowed credit on his account. The lower court having disallowed his claim in this respect, the cause comes here upon appeal.

Respondents contend that the executor is not authorized by law to invest the funds of an estate in his hands pending settlement of the estate; that it is his duty to retain *in his hands* the money thus received until it can be applied and distributed in the order and mode prescribed by law.

It is conceded that in making the deposit in question the executor acted in good faith, and that the bank was then solvent and of good repute. In *Fairchild v. Hedges*, 14 Wash. 117 (44 Pac. 125), this court held that a county treasurer was liable for the funds of the county deposited by him in a bank which afterwards became insolvent. Counsel for the treasurer in that case cited numerous cases in which it had been held that executors, administrators and guardians were not liable under such circumstances, and in referring to the line of authorities thus relied upon, this court said:

"The distinction is very clear between the liability and duty of one receiving moneys as a guardian, for the benefit of a private individual, and the liability imposed by statute and by express undertaking upon a public officer as in the case at bar. As to the former, 'he is merely the trustee or agent of the private parties interested in the money, and no greater or higher responsibility should be imposed upon him than would be imposed upon any agent or trustee.' *People v. Faulkner*, 107 N. Y. 488 (14 N. E. 415)."

It is true that this court was not called upon in that case to decide the question involved in the present case, but it is nevertheless true that we recognize that a distinction existed between the liability o

a public officer dealing with public moneys and that of an executor or guardian who deals with the funds of individuals, and this recognition was not simply mere dictum.

The uniform holding of courts has been that executors, administrators and guardians are bound by no greater or higher responsibility than that which is imposed upon any agent or trustee, and where such a one in good faith deposits money in a bank of good repute *to the trust account,* he ought not to be held liable for its loss in consequence of the failure of the bank. *Jacobus v. Jacobus,* 37 N. J. Eq. 17; *Twitty v. Houser,* 7 S. C. 153; *Cox v. Roome,* 38 N. J. Eq. 259; *Norwood v. Harness,* 98 Ind. 134 (49 Am. Rep. 739); *In re Law's Estate,* 144 Pa. St. 499 (22 Atl. 831); *People v. Faulkner,* 107 N. Y. 488 (14 N. E. 415); *Moore v. Eure,* 101 N. C. 11 (9 Am. St. Rep. 17, 7 S. E. 471); *People v. Walsen,* 17 Colo. 170 (28 Pac. 1119); *Ex Parte Jones,* 4 Cranch C. C. 185; 2 Pomeroy, Equity Jurisprudence, § 1067; Schouler, Executors and Administrators, § 313; 2 Woerner, American Law of Administration, p. 711; 3 Redfield, Wills, 394; 1 Perry, Trusts, § 443.

While many of the courts, from whose decisions we have cited, hold public officers, such as state, county and township treasurers, to be *absolutely* liable for all public money received by them, none of them (so far as we have been able to discover) have held that executors or trustees are bound by a similar obligation. We do not think the general rule is displaced by the statute in this state. Section 1052, Code Proc., (Vol. II of the Code), provides that an administrator (or executor) shall not make profit by the increase, nor suffer loss by the decrease or destruction without his fault of any part of the estate, and in the event of

the sale of any portion of the estate for less than the appraisement, he shall not be responsible for any loss "if the sale has been justly made." The succeeding section, 1053, provides that he shall not be "accountable for any debts due the estate if it shall appear that they remain uncollected without his fault."

It further appears from the record that on March 28, 1893, (the day upon which he received the money) the appellant made an application to the superior court for an order directing him to invest the sum of $2,500, and thereupon the court ordered him to deposit that amount in some secure bank in the city of Seattle, and the deposit in question was actually made on that day. Without deciding whether this order constituted in itself a sufficient justification, we think that appellant has not been guilty of any misfeasance or neglect, and that he should be credited on his account with the amount of the deposit.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.